JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JORGE "COCO" PADILLA
Nevada Bar No. 16295
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JPadilla@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Jose Becerra*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE BECERRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE TRANZONIC COMPANIES, an Ohio corporation,<br><br>Defendant. | Case No.: 2:26-cv-01475-RFB-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Jose Becerra ("Plaintiff"), by and through his counsel of record, Greenberg Gross LLP, and Defendant The Tranzonic Companies ("Defendant"), by and through its counsel of record, Jackson Lewis P.C., hereby stipulate and agree to extend the unexpired discovery deadlines for ninety (90) days. This is the parties' first request for an extension of the discovery scheduling order deadlines.

**A. Discovery Completed to Date.**

July 8, 2026: the parties participated in the Rule 26(f) scheduling conference;

July 8, 2026: Plaintiff served his Requests for Production of Documents (first set);

July 8, 2026: Plaintiff served his Interrogatory Requests (first set);

July 13, 2026: the Court entered the scheduling order for this case;

July 22, 2026: Plaintiff served his initial disclosures;

July 22, 2026: Defendant served its initial disclosures;

July 22, 2026: Defendant served its Requests for Production of Documents (first set);

July 22, 2026: Defendant served its Interrogatory Requests (first set);

August 7, 2026: Defendant served its responses to Plaintiff's Requests for Production of Documents (first set);

August 7, 2026: Defendant served its responses to Plaintiff's Interrogatory Requests (first set);

September 4, 2026: Plaintiff served his first supplement to Initial Disclosures;

September 4, 2026: Plaintiff served his responses to Defendant's Requests for Production of Documents (first set);

September 4, 2026: Plaintiff served his responses to Defendant's Interrogatory Requests (first set);

September 8, 2026: Plaintiff noticed the Deposition of Defendant's 30(b)(6) Corporate Witness;

September 29, 2026: parties met and conferred regarding the 30(b)(6) topics;

October 22, 2026: Plaintiff served his Initial Expert Disclosures

**B. Discovery Which Still Needs to Occur.**

Plaintiff intends to take the Fed. R. Civ. P. 30(b)(6) deposition of Defendant and the depositions of Defendant's employees and other witnesses. Defendant intends to depose Plaintiff and may depose Plaintiff's treating providers. The parties intend to conduct expert witness discovery, including the disclosure of rebuttal experts and the depositions of disclosed experts. The

parties may also serve third-party subpoenas for documents and testimony, including records maintained by third-party leave administrators and medical providers. Further, the parties anticipate exchanging additional written discovery and documents.

**C. Proposed Schedule for Completing Remaining Discovery.**

The parties propose to extend the unexpired deadlines in the Court's Stipulated Discovery Plan and Scheduling Order (ECF No. 13) by ninety (90) days as set forth below. The deadlines for initial disclosures, amending the pleadings and adding parties, and initial expert disclosures have already passed and are not affected by this stipulation.

**Discovery Cut-Off Date** – The December 21, 2026, discovery cut-off date shall be extended ninety (90) days to **Monday, March 22, 2027** (as the ninetieth day, March 21, 2027, falls on a Sunday, a non-judicial day).

**Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)** – The November 23, 2026, deadline for the disclosure of rebuttal experts shall be extended ninety (90) days to **Monday, February 22, 2027** (as the ninetieth day, February 21, 2027, falls on a Sunday, a non-judicial day).

**Dispositive Motions** – The January 20, 2027, dispositive motions deadline shall be extended to **Wednesday, April 21, 2027,** which is thirty (30) days after the extended discovery deadline.

**Pretrial Order** – If no dispositive motions are filed, the Joint Pretrial Order shall be filed by **Friday, May 21, 2027,** which is thirty (30) days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

**D. Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the

movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, rebuttal expert disclosure, Dispositive Motions, and Pretrial Order deadlines. Since the entry of the Scheduling Order, the parties have diligently exchanged initial disclosures and supplements and propounded and responded to written discovery, and Plaintiff has disclosed his initial expert witnesses. The parties have also devoted substantial resources to the Court's Early Neutral Evaluation. The Early Neutral Evaluation was originally set for November 6, 2026, and, by stipulation and order, has been continued to December 2, 2026. Because the Early Neutral Evaluation is scheduled to occur only shortly before the current December 21, 2026, discovery cut-off, and because the parties have not yet completed depositions, including the Fed. R. Civ. P. 30(b)(6) deposition of Defendant and the deposition of Plaintiff, the parties require additional time to complete depositions, expert discovery, and any remaining written discovery before the close of discovery. Considering the foregoing, the parties are unable to complete this remaining discovery before the current deadlines despite their diligence.

The Parties submit that these circumstances satisfy the required good cause in extending the deadlines referenced above.

The Parties hereby stipulate to the aforementioned.

GREENBERG GROSS LLP
/s/ Coco Padilla

_______________________________
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JORGE "COCO" PADILLA
Nevada Bar No. 16295
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Jose Becerra*

JACKSON LEWIS P.C.

/s/ Tenesa Powell

_______________________________
JOSHUA A. SLIKER
Nevada Bar No. 12493
TENESA S. POWELL
Nevada Bar No. 12488
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*The Tranzonic Companies*

**ORDER**

IT IS SO ORDERED:

_______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: November 9, 2026